# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * | | |
| JEREMY EAMICK, | * | No. 15-519V |
| | * | Special Master Christian J. Moran |
| Petitioner, | * | |
| | * | |
| v. | * | Filed: June 26, 2019 |
| | * | |
| SECRETARY OF HEALTH | * | Damages; hepatitis A vaccine; |
| AND HUMAN SERVICES, | * | hepatitis B vaccine; Miller-Fisher; |
| | * | Guillain-Barré syndrome ("GBS") |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * | | |

Edward M, Kraus, Law Offices of Chicago Kent, Chicago, IL, for Petitioner;
Lisa Ann Watts, U.S. Department of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING DAMAGES[1]

On May 21, 2015, Jeremy Eamick filed a petition seeking compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa–1 through 34, alleging that the hepatitis A, hepatitis B, meningococcal, and tetanus-diphtheria-pertussis vaccines caused him to suffer the Miller-Fisher variant of Guillain-Barré syndrome ("GBS"). Following an entitlement hearing, on May 15, 2018, the undersigned ruled that Mr. Eamick is entitled to compensation under the Vaccine Act for his GBS injury due to the hepatitis A and B vaccines. Ruling, 2018 WL 2926048.

On June 24, 2019, respondent filed a Proffer on Award of Compensation, to which petitioner agrees. Based upon the record as a whole, the special master finds the proffer reasonable and that petitioner is entitled to an award of life care

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

items, lost earnings, pain and suffering damages, and past unreimbursable expenses as stated in the Proffer.  Pursuant to the attached Proffer, the following is awarded to petitioner:

> **A. A lump sum payment of $1,217,984.83 representing compensation for life care expenses expected to be incurred during the first year after judgment ($17,522.35), lost earnings ($950,125.39), pain and suffering ($250,000.00), and past unreimbursable expenses ($337.09), in the form of a check payable to petitioner, Jeremy Eamick.**
>
> **B. An amount sufficient to purchase an annuity contract, subject to the conditions described in the proffer, that will provide payments for the life care items contained in the life care plan attached to the proffer.**

These payments represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).  In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 15-519V according to this decision and the attached proffer.[2]

Any questions may be directed to my law clerk, Andrew Schick, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

JEREMY EAMICK,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 15-519V
Special Master Moran
ECF

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

In his Ruling on Entitlement issued on May 15, 2018, the Special Master found that a preponderance of the evidence supported Jeremy Eamick's ("petitioner's") claim that hepatitis A and hepatitis B vaccines administered to him on July 17, 2012, caused his Miller-Fisher variant of Guillain-Barré syndrome. Respondent now Proffers the following regarding the amount of compensation to be awarded.[1]

**I.**     **Items of Compensation**

    A.     Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MS, CCM, CNLCP, and petitioner engaged Susan Guth, LCSW, CCM, CLCP, to provide an estimation of petitioner's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine-related" is as described in the Special Master's Ruling on Entitlement. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled "Appendix A: Items of Compensation for Jeremy Eamick," attached hereto as Appendix

---

[1] The parties have no objection to the proffered award of damages. However, respondent reserves his right to seek review of the Special Master's decision pursuant to 42 U.S.C. § 300aa-12(e)(1).

A.[2]  Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached as Appendix A. Petitioner agrees.

      B.      <u>Lost Earnings</u>

The parties agree that based upon the evidence of record, Jeremy Eamick has suffered past loss of earnings and will suffer a loss of earnings in the future due to his vaccine-related injuries. Therefore, respondent proffers that Jeremy Eamick should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for Jeremy Eamick's lost earnings is $950,125.39. Petitioner agrees.

      C.      <u>Pain and Suffering</u>

Respondent proffers that Jeremy Eamick should be awarded $250,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

      D.      <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents his expenditure of past unreimbursable expenses related to his vaccine-related injuries. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $337.09.

**II.**      **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[3]

---

[2] The chart at Appendix A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

A. A lump sum payment of $1,217,984.83, representing compensation for life care expenses expected to be incurred during the first year after judgment ($17,522.35), lost earnings ($950,125.39), pain and suffering ($250,000.00), and past unreimbursable expenses ($337.09), in the form of a check payable to petitioner, Jeremy Eamick.

B. An amount sufficient to purchase an annuity contract,[4] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Appendix A, attached hereto, paid to the life insurance company[5] from which the annuity will be purchased.[6] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Jeremy Eamick, only so long as Jeremy Eamick is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[4] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[5] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[6] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Appendix A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Appendix A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

2. <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Jeremy Eamick, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Jeremy Eamick's death.

3. <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III. Summary of Recommended Payments Following Judgment**

    A. Lump Sum paid to petitioner, Jeremy Eamick: $1,217,984.83

    B. An amount sufficient to purchase the annuity contract described above in section II.B.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

        C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

*/s/LISA A. WATTS*
LISA A. WATTS
Senior Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 616-4099

Dated: June 24, 2019

**Appendix A: Items of Compensation for Jeremy Eamick**

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1<br>2019 | Compensation Years 2-15<br>2020-2033 | Compensation Year 16<br>2034 | Compensation Years 17-25<br>2035-2043 | Compensation Years 26-33<br>2044-2051 | Compensation Years 34-Life<br>2052-Life |
|---|---|---|---|---|---|---|---|---|---|
| Tricare Deductible | 5% | | | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| Medicare Part B Premium | 5% | | M | 1,626.00 | 1,626.00 | 1,626.00 | 1,626.00 | | |
| Primary Care Physician | 5% | * | | | | | | | |
| Mileage: Primary Care Physician | 4% | | | 1.08 | 1.08 | 1.08 | 1.08 | 1.08 | 1.08 |
| Neurology | 5% | | | | | | | | |
| Mileage: Neurology | 4% | | | 15.20 | 15.20 | 15.20 | 15.20 | 15.20 | 15.20 |
| Pain Management | 5% | * | | | | | | | |
| Mileage: Pain Management | 4% | | | 29.12 | 29.12 | 29.12 | 29.12 | 29.12 | 29.12 |
| Physiatry | 4% | * | | | | | | | |
| Mileage: Physiatry | 4% | | | 3.48 | 3.48 | 3.48 | 3.48 | 3.48 | 3.48 |
| Counseling | 4% | * | | | | | | | |
| Mileage: Counseling | 4% | | | 68.88 | | | | | |
| Care Management | 4% | | M | 1,110.00 | 1,110.00 | 1,110.00 | 1,110.00 | 1,110.00 | 1,110.00 |
| Gabapentin | 5% | * | | | | | | | |
| Metho-carbamol | 5% | * | | | | | | | |
| Wellbutrin | 5% | * | | | | | | | |
| Naproxen | 5% | * | | | | | | | |
| Pravastatin | 5% | * | | | | | | | |
| Hydrochlorothiazide | 5% | * | | | | | | | |
| Walker | 4% | | | 76.99 | 15.40 | 15.40 | 15.40 | 15.40 | 15.40 |
| Manual Wheelchair | 4% | | | 225.00 | 22.50 | 22.50 | 22.50 | 22.50 | 22.50 |
| Walking Sticks | 4% | | | 59.98 | 12.00 | 12.00 | 12.00 | 12.00 | 12.00 |
| Knee Brace | 4% | | | 43.98 | 43.98 | 43.98 | 43.98 | 43.98 | 43.98 |
| Elbow Brace | 4% | | | 33.98 | 33.98 | 33.98 | 33.98 | 33.98 | 33.98 |
| Knee Ice Wrap | 4% | | | 59.40 | 19.80 | 19.80 | 19.80 | 19.80 | 19.80 |
| Low Back Ice Wrap | 4% | | | 59.99 | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 |
| Heating Pad | 4% | | | 23.98 | 4.80 | 4.80 | 4.80 | 4.80 | 4.80 |
| Shower Chair | 4% | | | 28.87 | 5.77 | 5.77 | 5.77 | 5.77 | 5.77 |
| Reacher | 4% | | | 55.40 | 9.23 | 9.23 | 9.23 | 9.23 | 9.23 |
| Dressing Aid | 4% | | | 39.50 | 6.58 | 6.58 | 6.58 | 6.58 | 6.58 |
| Scooter | 4% | | | | | 1,635.00 | 163.50 | 163.50 | 163.50 |

**Appendix A: Items of Compensation for Jeremy Eamick**   Page 2 of 2

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-15 | Compensation Year 16 | Compensation Years 17-25 | Compensation Years 26-33 | Compensation Years 34-Life |
|---|---|---|---|---|---|---|---|---|---|
| | | | | 2019 | 2020-2033 | 2034 | 2035-2043 | 2044-2051 | 2052-Life |
| Scooter Batteries | 4% | | | | | 99.98 | 99.98 | 99.98 | 99.98 |
| Physical Therapy Evaluation | 4% | * | | | | | | | |
| Mileage: Physical Therapy Evaluation | 4% | | | 1.04 | 1.04 | 1.04 | 1.04 | 1.04 | 1.04 |
| Physical Therapy | 4% | * | | | | | | | |
| Mileage: Physical Therapy | 4% | | | 12.48 | 2.50 | 2.50 | 2.50 | 2.50 | 2.50 |
| YMCA | 4% | | | 762.00 | 762.00 | 762.00 | 762.00 | | |
| Companion Care/Personal Care Att. | 4% | | M | 6,864.00 | 6,864.00 | 6,864.00 | 6,864.00 | 16,425.00 | 16,425.00 |
| Ancillary Services | 4% | | M | 1,824.00 | 1,824.00 | 1,824.00 | 1,824.00 | 1,824.00 | 1,824.00 |
| Ancillary Services | 4% | | M | 1,848.00 | 1,848.00 | 1,848.00 | 1,848.00 | 1,848.00 | |
| Chair Lift | 4% | | | 2,500.00 | | | | | |
| Scooter Car Carrier | 4% | | | | | 1,294.99 | 129.50 | 129.50 | 129.50 |
| Lost Earnings | | | | 950,125.39 | | | | | |
| Pain and Suffering | | | | 250,000.00 | | | | | |
| Past Unreimbursable Expenses | | | | 337.09 | | | | | |
| Annual Totals | | | | 1,217,984.83 | 14,430.46 | 17,460.43 | 14,823.44 | 21,996.44 | 20,148.44 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($17,522.35), lost earnings ($950,125.39), pain and suffering ($250,000.00), and past unreimbursable expenses ($337.09): $1,217,984.83.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.