# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
JEREMY EAMICK,                        *
                                      *    No. 15-519V
                  Petitioner,         *    Special Master Christian J. Moran
                                      *
v.                                    *    Filed: April 10, 2020
                                      *
SECRETARY OF HEALTH                   *    Attorneys' Fees and Costs
AND HUMAN SERVICES,                   *
                                      *
                  Respondent.         *
* * * * * * * * * * * * * * * * * * ** *
```

Edward M. Kraus, Law Offices of Chicago Kent, Chicago, IL, for Petitioner;
Lisa A. Watts, United States Dep't of Justice, Washington, DC, for Respondent.

## PUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 24, 2019, petitioner Jeremy Eamick moved for final attorneys' fees and costs. **He is awarded $182,968.13.**

*       *       *

Represented by attorney Edward Kraus, Jeremy Eamick filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. The petition alleged that the hepatitis A, hepatitis B, meningococcal, and tetanus-diphtheria-acellular pertussis vaccines caused

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

petitioner to suffer the Miler-Fisher variant of Guillain-Barré syndrome ("GBS").
Mr. Eamick obtained multiple expert reports from Dr. Eric Gershwin, a
rheumatologist well-known in the Vaccine Program. The Secretary obtained
opposing reports from Dr. Penelope Morel. Following an entitlement hearing, on
May 15, 2018, the undersigned ruled that Mr. Eamick was entitled to compensation
under the Vaccine Act for his GBS injury due to the hepatitis A and B vaccines.
Ruling, 2018 WL 2926048. Thereafter, the parties obtained life care planners to
assess the quantum of compensation for Mr. Eamick, and on June 24, 2019, the
parties filed a proffer on award of compensation, which the undersigned adopted as
his decision awarding compensation on June 26, 2019.

On October 24, 2019, petitioner filed a motion for final attorneys' fees and
costs ("Fees App."). Petitioner requests attorneys' fees of $132,890.60 and
attorneys' costs of $64,848.26 for a total request of $197,738.86. Fees App. at 1.
Pursuant to General Order No. 9, petitioner states that he personally incurred costs
of $1,645.76 related to the litigation of this matter. Id. On October 28, 2019,
respondent filed a response to petitioner's motion. Respondent argues that
"[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for
respondent in the resolution of a request by a petitioner for an award of attorneys'
fees and costs." Response at 1. Respondent adds, however that he "is satisfied the
statutory requirements for an award of attorneys' fees and costs are met in this
case." Id at 2.  Additionally, he recommends "that the special master exercise his
discretion" when determining a reasonable award for attorneys' fees and costs.  Id.
at 3. Petitioner did not file a reply thereafter.

After petitioner's motion was reviewed, petitioner was directed to clarify
certain requests.  Order, issued Mar. 25, 2020.  Petitioner responded the same day.
Pet'r's Status Rep., filed Mar 25, 2020.

*     *     *

Because petitioner received compensation, he is entitled to an award of
reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question
at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs.
§15(e). The Federal Circuit has approved the lodestar approach to determine
reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step
process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed.
Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the
number of hours reasonably expended on the litigation times a reasonable hourly

rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.     Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates for the work of his counsel: for Mr. Edward Kaus, $348.00 per hour for work performed in 2013, $361.00 per hour for work performed in 2014, $375.00 per hour for work performed in 2015, $389.00 per hour for work performed in 2016, $398.00 per hour for work performed in 2017, $409.00 per hour for work performed in 2018, and $418.00 per hour for work performed in 2019; for Ms. Amy Kraus, $300.00 per hour for work performed in 2015, $311.00 per hour for work performed in 2016, $318.00 per hour for work performed in 2017, $327.00 per hour for work performed in 2018, and $334.00 per hour for work performed in 2019; and for Ms. Tara O'Mahoney, $225.00 per hour for work performed in 2013, $265.00 per hour for work performed in 2015, and $275.00 per hour for work performed in 2016. Fees App. at 2.

These rates are all consistent with what these attorneys have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein. See Young v. Sec'y of Health & Human Servs., No. 15-1241V, 2019 WL 4256366 (Fed. Cl. Spec. Mstr. Aug. 26, 2019); Jackson v. Sec'y of Health & Human Servs., No. 14-1217, 2017 WL 2243092, at *3 (Fed. Cl. Spec. Mstr. Apr. 26, 2017) (providing Ms. O'Mahoney's background).

3

B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds the time billed to be mostly reasonable.  The exceptions are as follows:

First, Mr. Kraus traveled to Colorado from his home in Illinois to meet with Dr. Gershwin, whose home is in California.  The meeting lasted 3.2 hours.  The trip to Colorado and the trip from Colorado were each at least 4 hours.

While convening to discuss testimony and to prepare questions for cross-examination before the hearing is reasonable, an in-person meeting requiring a flight is not.  See Reichert v. Sec'y of Health & Human Servs., No. 16-697V, 2018 WL 3989429, at *3 (Fed. Cl. Spec. Mstr. Jun. 20, 2018).  The lack of a need for an in-person hearing is particularly apt here because Mr. Kraus and Dr. Gershwin have a great deal of experience in participating in hearings in the Vaccine Program. Rather than travel for an in-person meeting, Mr. Kraus could have met with Dr. Gershwin, using the telephone.  While petitioner asserts that one aspect of the meeting was to "refer jointly to hundreds of pages of reports and literature," Pet'r's Status Rept, petitioner has not explained why videoconferencing could not be used. Moreover, the volume of literature is a weak justification as Dr. Gershwin cited far too many articles in his report.  Accordingly, the undersigned will reduce the award of attorneys' fees by $1,890.50 for the time spent on travel by Mr. Kraus.

Second, Mr. Kraus spent an excessive amount of time preparing for the hearing, specifically the examination of Dr. Gershwin.  Mr. Kraus appears to have spent approximately 24 hours (or the equivalent of three eight-hour work days) on this one task.  For an attorney like Mr. Kraus who has sufficient experience in the Vaccine Program to command a very high hourly rate, this much time exceeds the bounds of reasonableness.  See Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 733 (2011) (noting that an experienced attorney who charges a relatively high hourly rate may be expected to perform some tasks in less time than inexperienced attorneys with lower hourly rates).  A reasonable, but still generous, amount of time is eight hours.  Accordingly, the undersigned will reduce the amount of attorneys' fees by $6,328.20.

4

Finally, Mr. Kraus and other professionals charged time for clerical tasks such as filing documents.[2]  Filing documents is a clerical task for which attorneys should not charge.  See Guerrero v Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016).  A rough estimate of this work is $500.00.

Petitioner is therefore awarded final attorneys' fees of **$124,171.90.**

## C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $64,848.26 in attorneys' costs. Of this amount, a small portion ($1,806.07) is for the acquisition of medical records, postage, transcript and the Court's filing fee.  These costs are adequately documented and are reasonable.

The remainder is for attorneys' travel, Dr. Gershwin's work and travel, and the work of the life care planner.   The undersigned shall address these costs in turn.

**Attorney Travel**.  Petitioner requests reimbursement of $4,571.81 for costs incurred by his attorneys while traveling three times.  For reasons explained above, travel to Colorado to meet with Dr. Gershwin was not reasonable.  Thus, $860.19 is deducted.

Mr. Kraus's second trip was to Washington, DC for the hearing.  See Fee App. at pdf 75.  The airplane trip cost $840.02 with $50.00 for baggage.  However, the billing was for $1,036.02.  The additional $146.00 is removed.  Mr. Kraus requests $134.00 for items listed as "F P Bar" at the hotel.  This expense is not justified.

Mr. Kraus's third trip was to meet with the petitioner and life care planner. Fee App. at 90.  All items are reasonable.

---

[2] To their credit, when Mr. Kraus and other attorneys performed these tasks, they charged a paralegal rate.

**Dr. Gershwin's work and travel**.  For Dr. Gershwin's work, petitioner requests $46,125.00.  Petitioner requests an additional $4,113.92 for Dr. Gershwin's travel.

Reasonable expert fees are determined using the lodestar method, in which a reasonable hourly rate is multiplied by a reasonable number of hours.  Caves v. Sec'y of Health & Human Servs., 111 Fed. Cl. 774, 779 (2013). Concerning the work of Dr. Gershwin, the undersigned finds his billed rate of $500.00 per hour to be reasonable because it is consistent with previous awards in most cases. Additionally, the time billed by Dr. Gershwin (approximately 92 hours) is reasonable given the large amount of work Dr. Gershwin was required to perform in this case.

The only exception for Dr. Gershwin's time is that he billed travel time at his full hourly rate, rather than the customary one-half of an individual's normal hourly rate. Fees App. at 74. See Zumwalt v. Sec'y of Health & Human Servs., No. 16-994V, 2018 WL 6975184, at *5 (Fed. Cl. Spec. Mstr. Nov. 27, 2018) ("[E]xpert travel time is compensated at one-half the expert's standard hourly rate absent a showing that they spent their travel time working on the matter in question."). In this case, Dr. Gershwin's billing entries do not suggest that case work was being performed while traveling. Accordingly, the undersigned shall reduce the award of costs by $3,500.00 to reflect the proper billing rate for Dr. Gershwin's travel.

In addition, Dr. Gershwin flew in first-class.  See Fee App. at 65.  However, the justification is not persuasive.  Thus, $2,620.10 is removed.

**Life Care Planner's Work and Travel**.  Petitioner requests $8,231.46 for his life care planner's work and travel.  The hourly rate is reasonable.  However, petitioner's life care planner also billed a full hourly rate on travel for the on-site visit of petitioner. Fees App. at 102. Accordingly, $437.50 shall be reduced to account for this issue. The remainder of the time billed by the life care planner appears to be reasonable.

Petitioner is therefore awarded final attorneys' costs of **$57,150.47**.

D.     Petitioner's Costs

Petitioner requests a total of $1,645.76 as reimbursement for costs personally incurred related to travel to Washington, DC for the entitlement hearing. Petitioner has provided adequate documentation supporting these costs, and they

appear reasonable in the undersigned's experience. Petitioner's costs shall therefore be fully reimbursed.

*      *      *

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$181,322.37** (representing $124,171.90 in attorneys' fees and $57,150.47 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. Edward Kraus, and a total of **$1,645.76** representing petitioner's costs as a lump sum in the form of a check payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.